# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 14-0019-WS-C ) |
| LEI LANI CONDOMINIUM ASSOCIATION, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter comes before the Court on the parties' Joint Motion to Stay Federal Declaratory Judgment Proceedings (doc. 8).

On January 17, 2014, plaintiff, United States Liability Insurance Company ("USLIC"), filed a Complaint for Declaratory Judgment (doc. 1) in this District Court against named defendants Lei Lani Condominium Association, Inc.; Mediterranean, LLC; Joy Harrison; and Donald Stults. At the heart of the Complaint is a policy of general liability insurance that USLIC issued to Lei Lani for the period of March 31, 2010 through March 31, 2011. Lei Lani made a claim on that policy upon being sued in the Circuit Court of Baldwin County, Alabama, by Mediterranean and Harrison, in an action styled *Joy Harrison and Mediterranean, LLC v. Lei Lani Condominium Association, Inc. and Donald Stults*, CV 2010-901492 (the "State Court Action").[1] The State Court Action has been pending for more than three years and is presently

---

[1] In the State Court Action, Mediterranean and Harrison allege that Lei Lani wrongfully terminated Mediterranean's management contract for the Lei Lani Condominium complex; that Stults (who is Lei Lani's president) subjected Harrison (owner/employee of Mediterranean) to unwanted sexual advances, touchings, and threats; that Stults published malicious and slanderous remarks about Harrison after terminating Mediterranean's contract; and that the contract was terminated in retaliation for Harrison's communications to the EEOC about Stults' alleged conduct.

being scheduled for mediation, with a trial setting to follow thereafter. USLIC is providing a conditional defense to Lei Lani in the State Court Action, subject to a full reservation of rights.

In the present declaratory judgment action, USLIC asserts that its policy does not provide coverage for Lei Lani in the State Court Action because, *inter alia*, the claims asserted therein do not constitute an accident or occurrence, there was no resulting property damage and/or bodily injury, and applicable policy exclusions preclude coverage. On that basis, USLIC ultimately seeks as a remedy that this Court "declare that no coverage is afforded by the policy or policies of insurance" for the State Court Action. (Doc. 1, at 12.)

Now, less than a month after USLIC initiated this declaratory judgment action, the parties (including USLIC, Lei Lani, Stults, Mediterranean, and Harrison) jointly request that this action "be stayed until resolution" of the State Court Action. As grounds for this Joint Motion, the parties explain that USLIC's declaratory judgment action "necessitates resolution of factual and legal issues that permeate the state court action," that the State Court Action has a three-year head start on this case, and that (unlike this case) the State Court Action calls for a jury to decide these common issues. (Doc. 8, ¶ 10.)

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

Based on the specific facts and circumstances identified in the parties' Joint Motion to Stay, the Court agrees that entry of a stay of this declaratory judgment action pending resolution of the State Court Action is appropriate. This federal action is in its infancy, as defendants have not answered or appeared, no discovery has taken place, and no scheduling orders have been entered. Moreover, because all parties have requested entry of a stay, there is no colorable basis for concern that the proposed stay will unduly prejudice or tactically disadvantage a non-movant. Additionally, allowing the jury in the State Court Action to resolve particular issues that are being litigated in both cases will undoubtedly simplify this case and streamline the trial by narrowing the remaining triable issues. And finally, allowing the parties to focus their efforts on their nearly trial-ready State Court Action – as opposed to fighting a war on two fronts – will reduce the burden of litigation on the parties, while freeing this Court to attend to other matters on its busy civil docket until such time as the parties need it to get involved to resolve residual issues after the State Court Action has concluded.

For all of these reasons, the Court in its discretion concludes that entry of a stay in this case will promote the interests of justice and will further the objectives of efficiency and judicial economy. Accordingly, the Joint Motion to Stay (doc. 8) is **granted**. This action is hereby **stayed** in its entirety pending resolution of that certain case pending in the Circuit Court of Baldwin County, Alabama, and styled *Joy Harrison and Mediterranean, LLC v. Lei Lani Condominium Association, Inc. and Donald Stults*, CV 2010-901492.

To keep the Court apprised of developments in the State Court Action, and to ensure that the stay in this case does not remain in place any longer than necessary, USLIC is **ordered** to file, on or before the **third Tuesday of each month**, a written report reflecting the status of the State Court Action. The first such report is due on or before **March 18, 2014**.

DONE and ORDERED this 17th day of February, 2014.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE